UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONALD KIDD, SR.,

                              Plaintiff,

        v.                                          Action No. 3:10–CV–792

WACHOVIA BANK, NATIONAL
ASSOCIATE,

                              Defendant.

MEMORANDUM OPINION

        This matter comes before the Court on Wells Fargo Bank, N.A.'s ("Wells Fargo")

Motion to Dismiss (Docket No. 3).[1]  Kidd asserts claims under the federal Fair Debt Collection

Practices Act, the Virginia Debt Collection Act, and the Virginia Consumer Protection Act.  The

Court GRANTS the Motion and DISMISSES the claim.


I.  Statement of the Case

        Kidd's claims arise from a bank transaction that occurred on September 9, 2010,

involving a "debit mastercard."  (Notice of Removal, Compl. ¶ 3, Docket No. 1.)  As best as the

Court can tell, Kidd attempted to make a debit card withdrawal from a Wachovia branch teller

and was rejected, after which he attempted a second withdrawal from a second teller.  The bank

apparently recorded two transactions when Kidd received cash from both.  (Id.)  Kidd claims the

transactions caused him "economic[] hardships," defamed his character, and prevented him from

receiving money from his debit card six days later.  (Compl. ¶ 4.)  Kidd filed his action in

_____

[1] Kidd's state-court Motion for Judgment names "Wachovia Bank, National Associate" as defendant.  Because
Wachovia Bank, N.A., merged into Wells Fargo Bank, N.A., on March 20, 2010, Wells Fargo defends this suit.
(See Notice of Removal n. 1.)

Richmond Circuit Court, and Wells Fargo removed on October 29, 2010.

II.  Applicable Law

A motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it.  Fed R. Civ. P. 12(b)(6)(2009); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).  Thus, in deciding a Rule 12(b)(6) motion, a court must accept all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007), as well as provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

Even though a motion to dismiss challenges only the legal sufficiency of a claim, Rule 8(a)(2) requires a plaintiff to allege facts that show that its claim is plausible.  Fed. R. Civ. P. 8(a)(2) (2007); *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n. 3 (2007).  A complaint must contain factual allegations sufficient to apprise a defendant of "notice of what the . . . claim is and the grounds upon which it rests." *Id.*, 127 S. Ct. at 1964.  As the Fourth Circuit has explained, "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted).  The court need not accept legal conclusions couched as factual allegations, *Twombly*, 127 S. Ct. at 1964-65, or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Kidd is proceeding *pro se*.  Therefore, this Court must construe his claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer.

*Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006). That said, all claimaints—even parties proceeding *pro se*—must give the defendant notice of the facts underlying a claim for relief. *Erickson*, 551 U.S. at 93.

Kidd amplifies his allegations in his response to Wells Fargo's Motion to Dismiss, in which he states the bank charged him an overdraft fee after he made the two withdrawals. This information is omitted from the Complaint. The Court may only consider material outside the Complaint if it converts the motion to one for summary judgment and gives "[a]ll parties . . . reasonable opportunity to present all material that is pertinent" to such a motion by Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d) (2009). *See Fayetville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). The Court declines to convert the Motion to one for summary judgment and will instead decide the Motion based on Kidd's Complaint.


III. Analysis

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to state "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Kidd's statement is short but not plain. As Wells Fargo points out, Kidd's complaint is vague and largely unintelligible. As such, Kidd's Complaint suffers from several fatal defects in pleading relief under the four statutes to which he refers.

Kidd asserts a claim under the federal "Consumer Protection Act," but he provides no citation of the statute and the United States Code lists no such act. Kidd also claims a violation under the Virginia Consumer Protection Act ("VCPA"). *See* Va. Code 59.1-196 et seq. (1977). The VCPA expressly excludes banks such as Wachovia from application. Va. Code. § 59.1-199.

The Complaint also asserts claims under the federal Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 et. seq. (1977), and the Virginia Debt Collection Act ("VDCA"), Va. Code § 2.2-4800 et. seq. (1988). Recovery under the FDCPA requires an allegation that "debt collector" attempted to collect a debt, but Kidd never claims Wachovia is a "debt collector" or attempted to collect a debt. 15 U.S.C. §§ 1692k. The VDCA implements a "policy of the Commonwealth" for "the accounting for, management and collection of all accounts receivable due to the Commonwealth." Va. Code § 2.2-4800. Kidd alleges no facts that bringing the Complaint within the scope of the VDCA.

IV. Conclusion

While the Court is obliged to construe Kidd's complaint with charity, the application of that duty does not enable the Court to decipher the indecipherable. The Court DISMISSES the Complaint.

It is SO ORDERED.

<div style="border:1px solid">

_____/s/_____
James R. Spencer
Chief United States District Judge

</div>

ENTERED this __13th__ day of December 2010.